IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEANE SUE PETZEL *also known as* DEANE SUE MEANS,<br><br>                Petitioner,<br><br>       v.<br><br>FEDERAL BUREAU OF PRISONS, *and* WARDEN OF THE INDIANA COUNTY JAIL,<br><br>                Respondents. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 24-148<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

This matter comes before the Court after Petitioner Deane Sue Petzel ("Petitioner") declined to file objections to the Report and Recommendation ("R&R") (Docket No. 16) that was entered by Magistrate Judge Maureen P. Kelly on April 2, 2025. The R&R recommends that this action be dismissed due to Petitioner's failure to prosecute. (Docket No. 16 at 1, 5). Service of the R&R was made on Petitioner by U.S. Mail. (*Id.* at 5). The R&R informed Petitioner that objections to same were due by April 21, 2025. (*Id.* at 5 and Docket text entry). No objections were filed by that date or thereafter.

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1). Here, however, because Petitioner did not file objections to the R&R – which explicitly stated, "Failure to timely file objections will waive the right to appeal" – we review the magistrate judge's decision for plain error. (Docket

1

No. 16 at 5).  *See Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 2011) (citing *Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007)); *see also* Fed. R. Civ. P. 72(b) Advisory Committee's Note to 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Ct. for N.D. Cal.*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974))).

In this case, upon careful review of the R&R and the entire record, the Court, finding no plain error on the face of the record, will accept Judge Kelly's recommendation.  As such, the Court will adopt the R&R as the Opinion of the Court and will dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.  *See, e.g., Qadr v. Overmyer*, 642 F. App'x 100, 102 (3d Cir. 2016) ("Under Rule 41(b), a district court has authority to dismiss an action sua sponte if a litigant fails to prosecute or to comply with a court order." (citing Fed. R. Civ. P. 41(b)).  In so ruling, the Court agrees with Judge Kelly's application of the six-factor balancing test, as provided in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), that guides a court in determining whether a case should be dismissed for failure to prosecute. (Docket No. 16 at 3-4).  First, the Court agrees that Petitioner, who is proceeding *pro se* in this matter, is solely responsible for prosecuting this case and complying with orders of this Court, so the first factor, the extent of the party's personal responsibility, weighs in favor of dismissal.  (*Id.* at 3).  The Court also agrees that the second factor – whether the adverse party has suffered prejudice because of the dilatory party's behavior – also weighs in favor of dismissal since Petitioner's failure/refusal to prosecute this case and her failure to provide her current address to the Court unnecessarily drags out this litigation and unfairly prejudices Respondents who have timely filed a response to the petition.  (*Id.*).  Additionally, the Court agrees that the third factor, a history of dilatoriness, weighs in favor of dismissal since Petitioner has failed to respond to the

Court's Order to Show Cause, appears to no longer be in BOP custody, and has failed to update the Court with her new address. (*Id.*). Fourth, whether the party's conduct was willful or in bad faith, the Court agrees that there is no indication on the record that Petitioner's conduct is the result of excusable neglect and, thus, it appears to be willful. (*Id.* at 4). Fifth, considering the effectiveness of alternative sanctions, the Court agrees that there is no indication on the record that the imposition of costs or fees would likely be an effective alternative sanction, as Petitioner is currently proceeding *pro se*. (*Id.*). Finally, regarding the meritoriousness of the case, the Court agrees with Judge Kelly that Petitioner's case appears to be moot. (*Id.*). Therefore, the Court agrees that all six *Poulis* factors weigh in favor of dismissal and that, on the record here, dismissal is appropriate under Rule 41(b) for failure to prosecute. (*Id.*).

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 7th day of May, 2025,

IT IS HEREBY ORDERED that the Report and Recommendation ("R&R") (Docket No. 16) is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that the present action is DISMISSED pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

The Clerk of Court shall mark this case CLOSED.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:     The Honorable Maureen P. Kelly
            Deane Sue Petzel (via U.S. Mail)
            All counsel of record